McDonald, J.,
which Barbera, C.J., joins, concurring in the judgment.
I join the judgment in this case, but not the Court’s opinion. The Circuit Court held that Mr. Jamison is not entitled to *415 relief under the post-conviction DNA testing statute, Maryland Code, Criminal Procedure Article (“CP”), § 8-201, because the results of the DNA testing were not favorable to him. The Majority opinion affirms the Circuit Court judgment without opining on the merits of that decision. It does so by holding that Mr. Jamison may not seek relief under the post-conviction DNA testing statute because his conviction resulted from an Alford plea.
Unlike the Majority opinion, I would not take this occasion to extend the holding of Yonga—which essentially disqualifies one who has entered a guilty plea from pursuing a writ of actual innocence—to a defendant convicted as a result of an Alford plea. In an Alford plea, the defendant maintains his or her innocence, but acknowledges that the State’s evidence, if believed by the factfinder, would result in the defendant’s conviction. See North Carolina v. Alford, 400 U.S. 25, 37, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970).
An Alford plea results in a criminal conviction, but it does not always carry the same collateral consequences as an admission of guilt.[1] For example, in Rudman v. State Board of Physicians, 414 Md. 243, 994 A.2d 985 (2010), a physician accused of assaulting a patient had entered an Alford plea and was convicted of second degree assault. The question before this Court was whether the Board of Physicians had properly revoked the physician’s license, without a hearing, under an expedited procedure for licensees convicted of crimes involving *416 moral turpitude. This Court concluded “because Petitioner has not been found guilty of a crime of moral turpitude and has never admitted that he has committed any criminal offense, the Board does not have authority to revoke [his] license without giving him the opportunity for a hearing ...” 414 Md. at 262, 994 A.2d 985.
As with a guilty plea, there is no trial when a defendant enters an Alford plea. That may make the assessment of prejudice—ie., whether there is a “substantial possibility ... that the petitioner would not have been convicted if the DNA testing results had been known”[2]—more difficult, but not impossible. As the Supreme Court has noted, the assessment of a claim of ineffective assistance of counsel for failure to discover exculpatory evidence in a case involving a guilty plea “will depend in large part on a prediction whether the evidence likely would have changed the outcome of a trial.” Hill v. Lockhart, 474 U.S. 52, 59, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985). A court that is capable of assessing the effect of evidence on the outcome of a hypothetical trial for one purpose can surely do it for the other.
In sum, I would affirm the Circuit Court judgment, but not for the reason adopted by the Majority opinion.
Chief Judge Barbera advises that she joins this opinion.

. The Majority cites Bishop v. State, 417 Md. 1, 20, 7 A.3d 1074 (2010) for the proposition that an Alford plea is the "functional equivalent” of a guilty plea. In holding that an Alford plea waives challenges to adverse rulings on pretrial motions and procedural objections, the Bishop opinion quoted that language from an earlier opinion of the Court of Special Appeals that held only that, like a guilty plea, an Alford plea waives a direct appeal in a criminal case. See Ward v. State, 83 Md.App. 474, 480, 575 A.2d 771 (1990). Neither Bishop nor Ward drew any conclusions about collateral consequences. Indeed, more recently, in Jackson v. State, 448 Md. 387, 391 n.3, 139 A.3d 976 (2016), this Court stated that a defendant who enters an Alford plea while contesting the admissibility of evidence "retains appellate review of the suppression decision.”

. CP § 8-201 (i)(2)(iii).